**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MEMRAY MT LLC,<br>*Plaintiff*,<br>v.<br>HEWLETT PACKARD ENTERPRISE COMPANY,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00970-JRG-RSP |

**ORDER REGARDING E-DISCOVERY**

Before the Court is the Parties Motion for E-Discovery Order. **Dkt. No. 48**. Having considered the Motion, the Court is of the opinion that the Motion be, and hereby is, **GRANTED**.

Therefore, it is **ORDERED** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production, excluding e-mail, to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court (as provided in Discovery Order ¶ 3 (Docket Number 30)), shall include the following metadata fields to the extent the fields reflect non-privileged information as it exists in the ordinary course

of business:

DOCID
ENDDOC
CUSTODIAN
DeDupe Custodians
BEGATTACH
ENDATTACH
NUMPAGES
DATETIMECREATED
DATETIME MODIFIED
DATETIMELASTACCESSED
FILENAME
HASHMD5
FILE SIZE
AUTHOR
CONFIDENTIALITY
REDACTED
FILE TYPE
TITLE
FILEEXTENSION

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

**General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, except Excel files, delimited data files, audio or video files, and files for which imaging is not possible shall be produced in native format. To the extent a party produces publicly available source code, it shall be imaged (where feasible) and produced in native format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

A. **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

B. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

C. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

D. **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

E. **Voicemail, Instant Messages, and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. For the avoidance of doubt, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"), as stated in Discovery Order ¶ 12(f) (Docket Number 30). To the extent applicable, discovery of e-mail shall be governed by a future Order or future amendment to this Order as agreed to by the Parties or set

forth by the Court.

7. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

8. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

9. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 2nd day of July, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE