**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MEMRAY MT LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-970-JRG-RSP |

**SUPPLEMENTAL PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS AND INFORMATION BY NON-PARTY ADVANCED MICRO DEVICES, INC.**

Before the Court is the Parties' Motion for Entry of Supplemental Protective Order. **Dkt. No. 59**. Having considered the Motion, the Court is of the opinion that the Motion be, and hereby is, **GRANTED**.

WHEREAS, prior to the disclosure in this matter of its confidential information, non-party Advanced Micro Devices, Inc. ("AMD") seeks protections in addition to those set forth in the Protective Order previously stipulated to by the Parties and entered by the Court. Dkt. No. 29 (the "Protective Order").

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** pursuant to FED. R. CIV. P. 26(c) that:

**A.** ***Scope***

1. This Supplemental Protective Order sets forth additional restrictions governing the disclosure of Designated Material that constitutes or includes confidential or proprietary information or trade secrets of AMD ("AMD Designated Material").

2. Except as supplemented or amended herein, the provisions of the Protective Order will apply to AMD Designated Material. In the event of a conflict between the Protective Order and this Supplemental Protective Order, the terms of this Supplemental Protective Order will govern.

3. Except as expressly stated otherwise, all terms used in this Supplemental Protective Order have the same meaning as used in the Protective Order.

**B. *Modifications to the Protective Order***

4. Paragraph 1 is modified as follows:

Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED –ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, or within the file name of natively produced electronic documents. For deposition and hearing transcripts, the words "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

5. Paragraph 7 is modified as follows:

Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof, except as expressly permitted by the Protective Order or this Supplemental Protective Order. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of the Protective Order and this Supplemental Protective Order.

6. Paragraph 9 is modified to read as follows:

For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g).

7. Paragraph 10 is modified to read as follows:

For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-g), and the following additional restrictions apply:

8. Paragraph 10(a) is modified to read as follows:

Access to AMD's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) will be a non-networked computer(s) with all access ports disabled. The stand-alone computer(s) will be located at outside counsel's office in Austin, TX.

9. Paragraph 10(b) is modified to read as follows:

The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Party requesting to inspect source code shall provide notice to the Producing Party of its request ten (10) business days in advance of the first requested inspection and three (3) business days in advance of each subsequent requested inspection, and it will identify the individual(s) who will be reviewing the source code, as well as the anticipated hours of the review. The persons who will review source code on behalf of Receiving Party shall be named in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews such source code The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The Producing Party will make its source code available for inspection until the close of expert discovery in this matter. After the close of expert discovery, the Receiving Party may make reasonable requests identifying in writing specific Source Code files it wishes to review, and the Parties will meet and confer regarding the request;

10. Paragraph 10(c) is modified to read as follows:

The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). The Producing Party may visually monitor the activities

of the Receiving Party's representative during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. All access to the source code shall be maintained on a source code Access Log identifying, for each and every time any source code is viewed, accessed, or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; and (3) the date and time at which such access ended. The Producing Party will provide the Receiving Party with an unmonitored breakout room. The Receiving Party shall not be permitted to bring the Source Code Computer out of the review room, but can utilize other electronic devices not permitted in the review room (e.g., cell phone) in the breakout room. The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the source code into such notes. The Producing Party shall provide note-taking paper bearing the RESTRICTED CONFIDENTIAL SOURCE CODE designation, and the Producing Party shall take any notes regarding the source code on the provided note-taking paper. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system) is prohibited while accessing the stand-alone computer(s). All persons entering the secured room containing the Source Code Material shall be subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device;

11. Paragraph 10(d) is modified to read as follows:

The Producing Party will produce Source Code Material in human-readable format on the stand-alone computer(s) as described above. The Receiving Party's outside counsel and/or experts or consultants may request that commercially available licensed software tools for reviewing and searching Source Code Material be installed on the Source Code Computer and/or client; provided, however, that no compilers or compilation tools shall be installed on or made available through the Source Code Computer, and all software tools must be compatible with a Windows-based operating system. The Receiving Party must provide the Producing Party with a CD/DVD/USB drive containing such software tool(s) or a link for downloading such software tool(s), and any necessary licenses, at least ten (10) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer and/or client. The software tools shall not enable functions other than viewing Source Code Material or otherwise compromise the security of the Source Code Computer.Installation of additional requested tools is at the discretion of the Producing Party and at the expense of the Requesting Party, but shall not be unreasonably withheld.
;

12. Paragraph 10(e) is modified to read as follows:

Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (collectively, "Source Code Documents"), provided that (a) the Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such portion of the Source Code Material is used; (b) the Source Code Documents are appropriately marked under this Order as CONTAINS EXCERPTS OF RESTRICTED CONFIDENTIAL SOURCE CODE; (c) access to Source Code Documents is restricted to those who are entitled to have access to them as specified herein; and (d) if filed with the Court, Source Code Documents are filed under seal in accordance with the Court's rules, procedures, and orders. A Receiving Party filing a Source Code Document shall provide AMD's counsel with notice of such filing a reasonable amount of time in advance so that AMD may ensure that appropriate safeguards are maintained. Images or copies of Source Code Material shall not be included in correspondence between the parties; references to production numbers shall be used instead.

13. Paragraph 10(h) is modified to read as follows

No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Receiving Party shall be permitted to request two (2) watermarked printouts of Source Code Material, provided that such printouts are: (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report); (3) necessary for deposition; or (4) necessary to prepare and develop claims, contentions, and defenses in the case. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop of the Source Code Computer named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date of printing. The request for printed Source Code Material shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting. If the request is served after 5:00 pm Central Time, it shall be deemed served the following business day. The Producing Party shall print the requested pages and treat them according to the procedures in this section as if the Receiving Party had printed them. All such printouts shall be designated and clearly labeled “RESTRICTED CONFIDENTIAL SOURCE CODE,” marked with the full file path, filename, page and line numbers, and date of printing. Any printouts of Source Code Material must be made on colored (i.e., non-white) paper. The Receiving Party may request no more than 20 consecutive pages and no more than 100 total pages of Source Code. Within seven (7) business days of a request for

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant’s or expert’s direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

pages, the Producing Party shall either (i) provide up to three (3) sets of such pages to the Receiving Party or (ii) inform the requesting party of its objection, if any, that the printed portions withheld are excessive and/or not for a permitted purpose. In the event of a dispute, the parties will meet and confer within three business days of the objection being raised. If the parties cannot resolve the dispute, the Receiving Party will raise it with the Court and shall bear the burden of showing why the Producing Party should comply with a printing request;

14. Paragraph 10(i) is stricken in its entirety.

15. Paragraph 10(j) is modified to read as follows:

If the Receiving Party's outside counsel, consultants, or experts obtain printouts of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts in a secured locked area in the offices of such outside counsel, consultants, or expert. This shall not include home offices. The Receiving Party may also temporarily keep the printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). Any paper copies of materials designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record shall identify the exhibit by its production numbers. To the extent portions of AMD Source Code Material are quoted in a court filing, the party quoting the AMD Source Code Material shall quote only such portions as necessary to establish their point; and

16. Paragraph 10(k) is modified to read as follows:

A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may not be transported electronically.

17. Paragraph 11 is supplemented to further state:

Any attorney representing Plaintiff Memray MT LLC or Defendant Hewlett Packard Enterprise Company, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the AMD Designated Material under the Protective Order or this Supplemental Protective Order, who obtains, receives, has access to, or otherwise learns, in whole or in part, the contents of AMD Designated Material shall not directly or indirectly advise or participate in the preparation, prosecution, or acquisition of any patent or patent application pertaining to memory management for computing devices or data transfer for non-volatile memory

or to the field of the invention of the patents-in-suit, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals.

18. Paragraph 17 is modified to read as follows:

The Order applies to pretrial discovery. The Parties agree to meet and confer to determine whether any AMD DESIGNATED MATERIAL might be introduced into evidence at the trial of this Action.

19. Paragraph 23 is stricken in its entirety and replaced as follows:

AMD DESIGNATED MATERIAL shall not be submitted to any Generative AI tool.

20. New Paragraph 29 is added as follows:

AMD Designated Material shall not be provided until Appendix A of the Protective Order, as amended herein, has been agreed to and signed by any prospective recipient of AMD Designated Material, and all other requirements set forth in the Protective Order and this Supplemental Protective Order have been met. Appendix A of the Protective Order is hereby amended such that all references therein to the "Protective Order" shall be deemed to include this Supplemental Protective Order, and each person executing Appendix A shall thereby acknowledge that he or she has read, understands, and will abide by the terms of both the Protective Order and this Supplemental Protective Order for AMD Protected Material.

21. New Paragraph 30 is added as follows:

Each party receiving AMD Designated Material containing technical information acknowledges that such information may be subject to applicable laws and regulations relating to the export of such information. Accordingly, each party agrees to comply with such export control statutes and regulations. *See, e.g.*, 15 CFR § 734.3. Applicable export restrictions may include, without limitation, those specified for ECCN 3E001 and ECCN 4E001 in Supplement No. 1 to Part 774 of the Code of Federal Regulations.

**SIGNED this 11th day of August, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MEMRAY MT LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-970-JRG-RSP |

**APPENDIX A**
**UNDERTAKING REGARDING**
**PROTECTIVE ORDER**

I, ________________________, declare that:

1. My address is ________________________________________________.

My current employer is ____________________________________________.

My current occupation is __________________________________________.

2. I have received a copy of the Protective Order (Dkt. 29) in this action and the Supplemental Protective Order for AMD Protected Material. I have carefully read and understand the provisions of both the Protective Order and the Supplemental Protective Order for AMD Protected Material.

3. I will comply with all of the provisions of the Protective Order and the Supplemental Protective Order for AMD Protected Material. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order or the Supplemental Protective Order for AMD Protected Material, and will use only for purposes of this action any information

designated as “CONFIDENTIAL,” “RESTRICTED – ATTORNEYS’ EYES ONLY,” or “RESTRICTED CONFIDENTIAL SOURCE CODE” that is disclosed to me.

4. Promptly upon termination of these actions, I will, at the Producing Party's election, return or destroy all documents and things designated as “CONFIDENTIAL,” “RESTRICTED – ATTORNEYS’ EYES ONLY,” or “RESTRICTED CONFIDENTIAL SOURCE CODE” that came into my possession, and all documents and things that I have prepared relating thereto. If returning such materials, I will return them to the outside counsel for the party by whom I am employed, in accordance with the Protective Order and the Supplemental Protective Order for AMD Protected Material. If destroying such materials, I will verify the destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and the Supplemental Protective Order for AMD Protected Material in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ____________________________________________

Date: ________________________________________________